OPINION
Appellant, Sandra Cook, appeals the judgment of the Clinton County Common Pleas Court, Juvenile Division, finding that her child, Ryan Payne, is a dependent child.
Wilmington police received a report at approximately 4 a.m. on the morning of August 23, 2000 that a woman was screaming and a baby was crying. Appellant was walking down the street with Ryan (dob 8/7/99) in a baby stroller. She waved down police as they were responding to the call. Appellant was engaged in an altercation with her boyfriend and police observed the boyfriend holding appellant when they arrived.
Although appellant lived near where the police encountered her, appellant was walking in the opposite direction of her home. Appellant was intoxicated and admitted to having recently left a bar before she picked up Ryan from a relative.
The police discovered that Ryan had blood on him from an unexplained source and a mark on his leg. Police called an emergency squad to check on the child's condition. Authorities discovered that the blood on Ryan was not his own, but came from appellant's boyfriend. The police gave Ryan to appellant's relative. Ryan and appellant stayed with the relative that morning.
During the same day, a caseworker from the Clinton County Children Services Board ("the agency") visited with appellant. The caseworker discovered an additional mark on Ryan, and after receiving conflicting explanations from appellant, took Ryan for an examination. A physician would eventually testify that two of the marks he found on Ryan were consistent with cigarette burns.
The agency filed a complaint in abuse, neglect, and dependency on Ryan based upon incidents that occurred in August 2000. The dependency allegation was based on R.C. 2151.04 (C). R.C. 2151.04 (C) indicates that the condition or environment of the child is such as to warrant the state, in the interests of the child, in assuming the child's guardianship.
The juvenile court held an adjudication hearing on February 1, 2001, and a dispositional hearing on February 6, 2001. The juvenile court dismissed the allegations of abuse and neglect, made a finding of dependency, and awarded temporary custody to the agency. Appellant appeals this decision and raises the following assignment of error:
 The trial court erred in entering its finding of dependency where the state fails to sufficiently establish the required elements, and where said finding was clearly and manifestly against the weight of the evidence.
Appellant and appellee agree that the trial court made findings that appellant was intoxicated while she was pushing Ryan in a stroller at 4 a.m., that appellant was engaged in an altercation with her boyfriend, that appellant screamed and summoned police, that appellant's boyfriend was holding appellant, and that the boyfriend's blood was found on Ryan.
In addition to the sufficiency and manifest weight argument, appellant asserts that the agency did not show that any of these allegations had a negative impact on Ryan.
A dependency must be proven by clear and convincing evidence. In rePieper Children (1993), 85 Ohio App.3d 318, 326. Clear and convincing evidence is that which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. Furthermore, in reviewing a judgment for its manifest weight, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Id. at 327.
The trial court determined that Ryan's condition or environment on that August night warranted the state assuming custody of Ryan. Appellant patronized a drinking establishment and imbibed alcoholic beverages. Appellant then proceeded to retrieve her child from relatives during the early morning hours, thereby bringing the one-year-old into a situation that put him at risk. Appellant argues that "to a one-year-old, 4 a.m. has no more meaning than 12:00 noon."
The standard to be applied is not whether Ryan was aware that it was 4 a.m. The standard is the conditions and environment into which appellant, his caretaker, thrust Ryan that evening. Appellant was intoxicated. Appellant chose to remove her child from the place she had left him while visiting a bar. Appellant chose to walk outside at night with Ryan during the early hours while engaging in a physical confrontation with her boyfriend. In fact, at some point the boyfriend was close enough to Ryan to leave blood on the child.
Upon reviewing the record before us, we find that the trial court did not err in finding by clear and convincing evidence that Ryan was a dependent child. The adjudication of dependency was supported by competent and credible evidence.
Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.